IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| THE UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>GIBILL.COM, an Internet domain name,<br><br>Defendant. | Civil Action No. _____ |

## VERIFIED COMPLAINT

Now comes Plaintiff, the United States ("the Government"), and for its Verified Complaint against Defendant, <gibill.com>, an Internet domain name (hereinafter, the "Domain Name"), alleges as follows:

## NATURE OF THE ACTION

1. This is an *in rem* action for cybersquatting under the federal Anti-Cybersquatting Consumer Protection Act (the "ACPA"), 15 U.S.C. § 1125(d).

2. By this action, the United States seeks to remedy unlawful use of its GI BILL trademark on the website accessible at the Defendant Domain Name, which has improperly diverted consumers away from the legitimate online locations of the Department of Veterans Affairs ("the VA"), and creates confusion as to the source, sponsorship, affiliation, and endorsement of the websites accessible at and displayed through use of the Defendant Domain Name.

3. The United States seeks permanent injunctive relief transferring the Domain Name to the VA, the owner of the GI BILL trademark.

## JURISDICTION AND VENUE

4. This is an *in rem* action for cybersquatting under the federal Anti-Cybersquatting Consumer Protection Act (the "ACPA"), 15 U.S.C. § 1125(d).

5. This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A). *In rem* jurisdiction is appropriate under 15 U.S.C. § 1125(d)(2)(A)(ii), because the Court cannot obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1), and because the United States, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1) because the registrant of the Defendant Domain Name is concealing the identity of the domain name owner.

7. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(I)(aa), the United States is providing notice, concurrently with the filing of this Verified Complaint, to the registrant of the Defendant Domain Name of the violations of the VA's rights and the United States' intent to proceed *in rem* against the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 15 U.S.C. §§ 1125(d)(2)(A) and 1125(d)(2)(C), because Verisign, Inc., the top-level domain registry operator for .COM names (including the Defendant Domain Name, *see* Ex. A at 1 ("Registry Domain ID: 2552541523_DOMAIN_COM-VRSN")), is located in this District, with its worldwide headquarters at 12601 Bluemont Way, Reston, Virginia 20190.

## THE PARTIES

9. Plaintiff, the United States, is acting on behalf of the VA.

10. The Defendant Domain Name is <gibill.com>, an Internet domain name that is listed in the .COM registry operated by Verisign, Inc. (the "Verisign registry").

11. The record for the Defendant Domain Name in the WHOIS database of domain name registrations states that the Defendant Domain Name is currently registered with registrar Tecnologia, Desarrollo y Mercado S. de R.L. de C.V., located at 3ra calle, 18 avenida Barrio Rio de Piedras, Edificio Plaza Murano, San Pedro Sula, Honduras. Ex. A at 1. The record states that the registrant of the Defendant Domain Name is a domain privacy service, Whois Privacidad SA de CV, located at Col. Prieto 6 calle, 6 y 7 avenida atras de gasolinera Depesa, San Pedro Sula 21101, Honduras. *Id*. The identity of the true owner of the Defendant Domain Name is concealed by this domain privacy service and is unknown.

## THE VA AND THE VA'S GI BILL TRADEMARK

12. The Department of Veterans Affairs ("the VA") is a Cabinet-level Department of the United States, created by an act of Congress in 1988 from the former Veterans Administration, with the mission to assist veterans in their time after service by providing benefits and support. Pub. L. 100-527.

13. One of the benefits offered by the VA is the provision of education benefits to veterans, servicemembers, National Guard members, Selected Reserve members, and eligible dependents. Since the passage of the Servicemen's Readjustment Act of 1944, the educational programs and services originally authorized by that Act and subsequently carried out by the VA have long been known to the public as the GI Bill. The GI Bill provides financial support to

eligible individuals to attend approved programs of education at colleges, trade schools, and pursue on-the-job training. *See* http://www.benefits.va.gov/gibill/history.asp.

14. As shown in its trademark registration, the VA has used the phrase "GI Bill" in commerce to identify its educational benefits for over 70 years. The VA owns the federally registered trademark for the phrase GI BILL (U.S. Trademark Reg. No. 4225784) and possesses the exclusive right to use the trademark for VA-provided educational benefits. A true and correct copy of the federal registration for the GI BILL trademark is attached at Exhibit B.

## VIOLATION OF THE VA'S TRADEMARK RIGHTS BY DEFENDANT

15. In June 2012, a settlement was reached between QuinStreet, Inc. and the Attorneys General of various states transferring ownership of the <gibill.com> domain name to the VA. *See* https://www.sec.gov/Archives/edgar/data/1117297/000119312512284713/d372925dex101.htm.

16. In September 2020, the VA become aware that its ownership of the <gibill.com> domain name had expired, and that the VA's GI BILL trademark was being used in the domain <gibill.com> by an unknown entity, an entity with no affiliation with the VA. At that time (and until March 12, 2021), the website located at the Defendant Domain Name contained a series of links to information about veterans' benefits including education benefits. Ex. C. This website has used the VA's trademark in its domain without authorization, purporting to offer information on veterans' benefits to include schools that accept GI Bill funding.

17. From August 2020 to March 12, 2021, <www.NameBright.com> ("NameBright") was listed as the registrar URL of <gibill.com>. *See* Ex. D. The VA used NameBright's WHOIS service to identify Domain Privacy Ltd. ("Domain Privacy") as the registrant of <gibill.com>. *Id*. Using this information, on September 17, 2020, the VA sent a cease and desist

letter to Domain Privacy. Ex. E. The VA also sent an e-mail directly to NameBright. Ex. F. The VA never received a response from Domain Privacy to the September 17, 2020 cease and desist letter. NameBright informed the VA that, as the registrar, it had no ownership interest in the domain and could not assist. *Id*.

18. On March 12, 2021, the United States Department of Justice ("DOJ"), on behalf of the Government, sent a second cease and desist letter to Domain Privacy, requesting a response by March 26. Ex. G. On March 22, counsel for the unknown entity using the Defendant Domain Name responded to the DOJ's March 12 cease and desist letter, proposing a settlement offer. Ex. H.

19. After reviewing that March 22 letter from counsel, the DOJ used the WHOIS service to check the current registrar and registrant information for the Defendant Domain Name. The WHOIS service revealed that on March 13, 2021—the day after the Government sent the second cease and desist letter—the registrar had been changed from NameBright (located in Colorado), to a Honduras registrar (Tecnologia, Desarrollo Y Mercado S. de R.L. de C.V.), and the registrant had been changed from Domain Privacy (located in Massachusetts) to the Honduran domain privacy service Whois Privacidad SA de CV. Ex. A. The identity of the true owner of the Defendant Domain Name is still unknown because the Whois Privacidad domain privacy service is concealing that information.

20. The Defendant Domain Name, <gibill.com>, is merely the VA's registered GI BILL trademark with the ".com" generic top-level domain added.

21. The use of the GI BILL trademark within the Defendant Domain Name and/or its associated website(s) is without authorization from the VA.

22. Upon information and belief, the registrant of the Defendant Domain Name does not have any trademark or other intellectual property rights in the Defendant Domain Name.

23. Upon information and belief, the registrant of the Defendant Domain Name has not engaged in a bona fide offering of any goods or services in connection with the GI BILL mark in a website accessible under the Defendant Domain Name.

24. Upon information and belief, the registrant of the Defendant Domain Name never made bona fide noncommercial or fair use of the GI BILL mark in a website accessible under the Defendant Domain Name.

25. Upon information and belief, the registrant of the Defendant Domain Name possesses an intention to divert consumers from the VA's online locations to websites accessible under the Defendant Domain Name that could harm the goodwill represented by the GI BILL trademark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of websites accessible under the Defendant Domain Name. *See* Ex. C.

26. Upon information and belief, the registrant of the Defendant Domain Name has provided material and misleading false contact information when applying for and maintaining the registration of the Defendant Domain Name. The domain privacy service Whois Privacidad SA de CV, identified as the registrant of the Defendant Domain Name, Ex. A, is being used to conceal the true owner of the Defendant Domain Name.

27. Furthermore, the owner of the Defendant Domain Name's prior conduct after receiving Plaintiff's March 12 cease and desist letter—changing the registrar of the Defendant Domain Name from a United States registrar (NameBright) to a Honduran registrar (Tecnologia, Desarrollo Y Mercado S. de R.L. de C.V.) and the registrant of the Defendant Domain Name

from a United States domain privacy service (Domain Privacy) to a Honduran domain privacy service (Whois Privacidad SA de CV)—is indicative of a pattern of providing material and misleading false contact information when applying for and maintaining the registration of the Defendant Domain Name.

### FIRST CLAIM FOR RELIEF
### (Injunctive Relief for Violation of the
### Federal Anti-Cybersquatting Consumer Protection Act)

28. The Government re-alleges and incorporates the allegations stated in Paragraphs 1 through 27 above.

29. The VA's federally registered GI BILL trademark is famous and/or distinctive and was famous and/or distinctive prior to the time of registration of the Defendant Domain Name.

30. The VA owns the federally registered trademark for the phrase GI BILL (U.S. Trademark Reg. No. 4225784) and possesses the exclusive right to use the trademark for VA-provided educational benefits. Ex. B.

31. The aforesaid acts by the owner of the Defendant Domain Name constitute registration, trafficking, and use of a domain name that is confusingly similar to the VA's GI BILL trademark, with bad faith intent to profit therefrom.

32. In light of the concealment of the identity of the true owner of the Defendant Domain Name (and that true owner's change in the registrar of the Defendant Domain Name from a United States registrar (NameBright) to a Honduran registrar (Tecnologia, Desarrollo Y Mercado S. de R.L. de C.V.) and the registrant of the Defendant Domain Name from a United States domain privacy service (Domain Privacy) to a Honduran domain privacy service (Whois Privacidad SA de CV)), the Government is not able to obtain *in personam* jurisdiction over the

owner of the Defendant Domain Name or any other person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1).

33. The Government, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1).

34. The aforesaid actions by the owner of the Defendant Domain Name constitute unlawful cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

35. The aforesaid acts have caused, and are causing, great and irreparable harm to the Government, the VA, and the public. The harm to the VA includes harm to the value and goodwill associated with the GI BILL trademark that money cannot compensate. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue. Thus, pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), the Government is entitled to permanent injunctive relief in the form of an order to the Verisign registry transferring the Defendant Domain Name to the VA.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that this Court enter judgment in its favor and grant the following relief:

A. That judgment be entered in favor of the Government on its claim of cybersquatting pursuant to 15 U.S.C. § 1125(d);

B. Permanent injunctive relief ordering that the Defendant Domain Name be transferred to the VA, through transfer by the Verisign registry of the Defendant Domain Name from the current domain name registrar to the VA's domain name registrar of choice, and by such registrar of choice's change of the registrant to the VA;

      C.     Permanent injunctive relief ordering that any other domain name(s) registered by the owner of the Defendant Domain Name that resemble or include the VA's GI BILL trademark be transferred to the VA, through transfer by the Verisign registry of the Defendant Domain Name from the current domain name registrar to the VA's domain name registrar of choice, and by such registrar of choice's change of the registrant to the VA; and

      D.     Any other and further relief that the Court deems proper and just.

                                                       Respectfully submitted:

Dated: July 27, 2021                  RAJ PAREKH
                                                       Acting United States Attorney

                                                       By:
                                                       /s/
                                                       KRISTA ANDERSON
                                                       Assistant United States Attorney
                                                       United States Attorney's Office
                                                       2100 Jamieson Avenue
                                                       Alexandria, Virginia 22314
                                                       *krista.anderson@usdoj.gov*
                                                       Tel: (703) 299-3995
                                                      Fax: (703) 299-3983

                                                       BRIAN M. BOYNTON
                                                       Acting Assistant Attorney General

                                                       GARY L. HAUSKEN
                                                      Director

                                                       <u>/s/ Grant D. Johnson</u>
                                                      GRANT D. JOHNSON (VA Bar No. 85485)
                                                      Trial Attorney
                                                      Commercial Litigation Branch
                                                      Civil Division
                                                      Department of Justice
                                                      Washington, DC 20530
                                                      *grant.d.johnson@usdoj.gov*
                                                      (202) 305-2513

                                                       COUNSEL FOR THE PLAINTIFF,
                                                       THE UNITED STATES